## IN THE UNITED STATES DISTRICT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| FAROUK SYSTEMS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 07-3196 |
| | § | JURY DEMANDED |
| JENNIFER LUEDTKE | § | |
| | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Farouk Systems, Inc. ("FSI" or "Plaintiff") files this Original Complaint and Application for Preliminary Injunction against Jennifer Luedtke ("Defendant") and would respectfully show the Court as follows:

## PARTIES

1.      Plaintiff Farouk Systems, Inc. is a Texas corporation with its principal place of business in Houston, Texas.

2.      Defendant Jennifer Luedtke is an individual residing at 6042 S. Newport St., Centennial, Colorado 80111.  Defendant may be served with process in person at 6042 S. Newport St., Centennial, Colorado 80111.

## JURISDICTION AND VENUE

3.      The United States District Court for the Southern District of Texas has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1331 in that this matter is a civil action arising under the Constitution, laws, or treaties of the United States.  This action

HOU 406168263 1

1

involves federal trademark rights, federal Lanham Act violations, and other federal causes of action.

4.      This Court also has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332 in that this matter is a civil action between citizens of different states wherein the amount in controversy is believed to exceed the sum of $75,000, exclusive of interest and cost. Plaintiff is a Texas corporation with its principal place of business in Houston, Texas.  Defendant is a resident of the state of Colorado and is doing business in Texas and, on information and belief, has systematic and continuous contact with the state of Texas.  Defendant, on information and belief, also does business in Harris County, Texas, and a substantial part Defendant's acts and conduct giving rise to the claims herein occurred in Harris County, Texas.

**FACTUAL BACKGROUND**

5.      FSI owns U.S. Trademark Registration No. 2,660,257, issued December 10, 2002, for the mark CHI® for electric hair curling irons.  A true and correct copy of the U.S. Trademark Registration No. 2,660,257 is attached hereto as Exhibit A and is incorporated herein.

6.      U.S. Trademark Registration No. 2,660,257 is valid, subsisting, and in full force and effect.

7.      FSI owns U.S. Trademark Registration No. 3,107,769, issued June 20, 2006, for the mark CHI® for electric hand-held dryers.  A true and correct copy of the U.S. Trademark Registration No. 3,107,769 is attached hereto as Exhibit B and is incorporated herein.

8.      U.S. Trademark Registration No. 3,107,769 is valid, subsisting, and in full force and effect.

9.      Additionally, FSI is the owner of U.S. Trademark Application Serial No. 78/524,660 for the mark CHI for hair coloring preparations, namely, hair color lighteners, color

lock treatments, color developers, and colors; U.S. Trademark Application Serial No. 77/055,581 for the mark CHI NANO for various hair irons; U.S. Trademark Application Serial No. 76/512,597 for the mark CHI for hair care products, namely, shampoo, thermal hair protective treatment, hair strengthening treatment, hair conditioner; hair care preparations, namely, solutions which bond to the hair to strengthen the hair, and solutions to transform frizzy, curly, or damaged hair; and U.S. Trademark Application Serial No. 78/622,448 for the mark ULTRA CHI for hair dryers.

10.     The trademark CHI® (the "Mark") is associated exclusively with FSI for use with hair irons, as well as numerous other hair care products.  FSI has used the mark CHI® in interstate commerce continuously since 2002.  As a result of FSI's marketing of its products and the extensive advertising and other business generation efforts to promote the Mark, the Mark has become well-known in the Houston metropolitan area, the State of Texas, the United States, and globally as identifying FSI's products and business.  Customers and potential customers in these areas have come to identify the Mark as originating with FSI.  Consequently, FSI has developed substantial recognition among the consuming public for its high quality products sold under its CHI® Mark and has acquired and enjoys a valuable reputation and significant goodwill associated with its CHI® Mark and products sold under its CHI® Mark.

11.     FSI's use of the Mark in the hair care industry has been exclusive.  As a result of this exclusive use of the Mark and the long and widespread use that has been made by FSI of the Mark, there is substantial recognition and association of the Mark with FSI by the consuming public for hair care products.

12.     FSI has recently learned that Defendant has distributed and sold hand held electric hair irons under a mark confusingly similar to FSI's Mark and has, thereby, infringed upon FSI's

trademark rights.  Specifically, Defendant sells and promotes hand held electric hair irons having the mark "ELITE CHI" stamped on the sides of the handheld electric hair irons.  By using a mark that is confusingly similar to FSI's CHI® Mark in association with its electric hair irons, Defendant is infringing upon FSI's trademark rights.  Given the similarity of Defendant's mark to FSI's Mark on the same types of products, there is a substantial likelihood that consumers will be confused, misled or deceived.  Moreover, Defendant's infringing and competing products are inferior compared to FSI's CHI® branded products.  Accordingly, Defendant's sales of the infringing products are diminishing the value of the Mark.

13.     Furthermore, Defendant's sales of the infringing products without FSI's permission are diluting the value of the Mark and damaging the goodwill and high quality reputation of FSI's CHI® branded products.

14.     As a result of previous warnings by FSI, Defendant has been, and currently is, aware of the valuable trademark rights of FSI.  Moreover, Defendant has been previously advised to cease her improper and illegal acts and omissions, however, Defendant has ignored FSI's warnings and continued to deceive the consuming public.  Therefore, Defendant has knowingly undertaken the above-described activities resulting in an infringement of FSI's Mark.

15.     On information and belief, the above-described activities have been willful.

16.     On information and belief, Defendant will continue to undertake such activities which infringe FSI's mark CHI® unless enjoined by the Court.

17.     As a consequence of these activities and the impairment to FSI's goodwill, reputation, and customer base, FSI has been irreparably harmed to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendant is

immediately and, after trial, permanently enjoined by this Court from committing further such activity.

## COUNT I - TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION UNDER THE LANHAM ACT

18.     FSI repeats and realleges the allegations set forth in paragraphs 1-17.

19.     Defendant's improper use of, and sale of products under, a mark confusingly similar to FSI's CHI® Mark is confusing to consumers and constitutes infringement of FSI's trademark rights in violation of the Lanham Trademark Act ("Lanham Act").  Defendant's unauthorized use of FSI's CHI® Mark violates Section 43 of the Lanham Act which prohibits the use of a trademark in such a manner as is likely to cause confusion as to the source of the goods bearing the trademark.  *See* 15 U.S.C. § 1125.  Defendant's use of the mark ELITE CHI also violates Section 32 of the Lanham Act prohibiting the unauthorized use of a trademark which is likely to cause confusion.  *See* 15 U.S.C. § 1114.

20.     Defendant is currently selling its products under its infringing mark and will continue to do so unless enjoined from doing so by this Court.  If Defendant is allowed to continue to sell under an infringing mark, the distinctiveness of FSI's Mark will be diminished or destroyed.  FSI will also lose its goodwill created by its Mark.  The continuing acts of Defendant is jeopardizing the goodwill of FSI and its valuable Mark, and such acts have caused and are causing irreparable injury to FSI and to the consuming public.  Unless the acts of the Defendant complained of herein are enjoined by this Court, they will continue to cause irreparable injury to FSI and to the public, for which there is no adequate remedy at law.   Accordingly, FSI seeks injunctive relief prohibiting the infringing acts by Defendant complained of herein.

21.     Additionally or in the alternative, FSI seeks an accounting and its actual and consequential damages resulting from Defendant's infringing acts.   Moreover, FSI seeks punitive, additional, and enhanced damages from Defendant.

## COUNT II - TRADEMARK INFRINGEMENT AND
## UNFAIR COMPETITION UNDER TEXAS LAW

22.     FSI repeats and realleges the allegations set forth in paragraphs 1-21.

23.     The acts of Defendant complained of above constitute trademark infringement and unfair competition under the common law of the State of Texas.   As a result of the infringement and unfair competition by Defendant, FSI has suffered and will continue to suffer injury and damage in an amount yet to be determined.   Upon information and belief, the acts of infringement by Defendant have resulted in substantial unjust profits and unjust enrichment on the part of Defendant in an amount yet to be determined.   Such acts of trademark infringement and unfair competition are causing harm to FSI.

24.     The continuing acts of Defendant are jeopardizing the goodwill of FSI and its valuable Mark, and such acts have caused and will continue to cause irreparable injury to FSI and to the consuming public.   Unless the acts of the Defendant complained of herein are enjoined by this Court, they will continue to cause irreparable injury to FSI and to the public, for which there is no adequate remedy at law.   Additionally or in the alternative, FSI seeks an accounting and its actual and consequential damages as a result of Defendant's infringing acts which have resulted in confusion among the public.   Moreover, FSI seeks punitive and enhanced damages for Defendant's willful conduct.

## COUNT III - TRADEMARK DILUTION UNDER TEXAS LAW

25.     FSI repeats and realleges the allegations set forth in paragraphs 1-24.

26.     The facts set out above demonstrate that Defendant is diluting the exclusivity and distinctiveness of the Mark in violation of the Texas Anti-Dilution Act.   Defendant's unauthorized use of FSI's Mark constitutes a dilution of FSI's Mark and injures FSI's business reputation, in violation of TEX. BUS. & COM. CODE § 16.29.

27.     As a result of the dilution by Defendant, FSI has suffered, and is suffering, injury and damage in an amount yet to be determined.  Upon information and belief, the acts of dilution by Defendant have resulted in and are currently resulting in substantial unjust profits and unjust enrichment on the part of Defendant in an amount yet to be determined.  FSI seeks injunctive relief to prevent this type of injury from continuing.  Additionally or in the alternative, FSI seeks an accounting and damages.

## COUNT IV - REQUEST FOR MONETARY RELIEF, TREBLE DAMAGES AND ATTORNEYS' FEES AND COSTS

28.     FSI repeats and realleges the allegations set forth in paragraphs 1-27.

29.     The acts of Defendant complained of above have resulted in trademark infringement and unfair competition.  Accordingly, Pursuant to 15 U.S.C. § 1117(a), FSI is entitled to recover 1) Defendant's profits; 2) any damages sustained as a result of Defendant's infringing acts; and 3) the costs associated with these causes of action.

30.     Moreover, FSI is entitled to an award of treble damages, as well as an award of punitive damages, pursuant to 15 U.S.C. § 1117(b) as a result of the extenuating circumstances of this case, Defendant's intentional use of the Mark, and its gross, wanton, or willful conduct.

31.     Furthermore, as a result Defendant's actions, FSI has been required to retain the services of counsel to represent it in this matter, and it has been forced to incur and is presently incurring attorneys' fees in order to enforce its trademark rights.  These fees and expenses are

necessary and reasonable in order to prosecute this matter.  Accordingly, FSI requests that it be granted an award of attorneys' fees and costs as a result of Defendant's actions.

## DEMAND FOR JURY TRIAL

32.     FSI demands a trial by jury on all claims and issues.

## CONCLUSION AND PRAYER

33.     WHEREFORE, Farouk Systems, Inc. prays for entry of judgment:

a.      finding that Defendant has infringed U.S. Trademark Registration No. 2,660,257, U.S. Trademark Registration No. 3,107,769, and Farouk Systems, Inc.'s common law trademark rights in the Mark CHI®;

b.      finding that Defendant has falsely and intentionally mislead consumers by directly or indirectly representing that infringing products are endorsed by, sponsored by, or affiliated with Farouk Systems, Inc.;

c.      finding that Defendant has diluted the goodwill associated with Farouk System, Inc.'s Mark CHI®;

d.      finding that Defendant has engaged in unfair competition;

e.      enjoining Defendant, her officers, directors, agents, employees, representatives, successors, assigns, if any, and those in privity or concert with them from further acts that would amount to infringement of U.S. Trademark Registration No. 2,660,257, U.S. Trademark Registration No. 3,107,769, and Farouk Systems, Inc.'s common law trademark rights in the Mark CHI®, dilution of Farouk Systems, Inc.'s goodwill associated with Farouk System, Inc.'s Mark CHI®, or unfair competition;

f.      awarding Farouk Systems, Inc. all damages caused by the acts of Defendant and all profits of Defendant from acts complained of, and/or all costs to Farouk Systems, Inc. caused by Defendant's activities complained of herein;

g.      trebling the damages and profits awarded to Farouk Systems, Inc. as authorized by 15 U.S.C. § 1117;

h.      granting Farouk Systems, Inc. pre-judgment and post-judgment interest on the damages caused to Farouk Systems, Inc. by reasons of Defendant's activities complained of herein at the highest rates allowed by law;

i.      finding that this is an exceptional case and awarding Farouk Systems, Inc. its reasonable and necessary attorneys' fees in accordance with 15 U.S.C. § 1117;

j.        awarding costs to Farouk Systems, Inc.; and

k.        awarding Farouk Systems, Inc. such other and further relief, at law or in equity, as
          the Court may deem just and proper under the circumstances.

Respectfully submitted,

GREENBERG TRAURIG LLP

By: /Anthony F. Matheny/

Anthony Matheny
Texas State Bar No. 24002543

Ben D. Tobor
Texas State Bar No. 20050900

1000 Louisiana, Suite 1800
Houston, Texas   77002
(713) 374-3583 (Telephone)
(713) 754-7583 (Fax)

ATTORNEYS FOR PLAINTIFF FAROUK
SYSTEMS, INC.

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS
Farouk Systems, Inc.

## DEFENDANTS
Jennifer Luedtke

**(b)**  County of Residence of First Listed Plaintiff   Harris
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)
Anthony F. Matheny, Greenberg Traurig LLP, 1000 Louisiana St., Suite 1800, Houston, Texas 77002, 713-374-3583

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
15 USC 1114

Brief description of cause:
Trademark Infringement case

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☑ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
10/01/2007

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____